1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF ARIZONA**

8   Allace Cornellier,                                    )
                                                          )          No. CV 04-0724 PHX PGR (JM)
9                          Plaintiff,                     )
                                                          )
10  v.                                                    )          **REPORT AND**
                                                          )          **RECOMMENDATION**
11  Sandra Walker, et al,                                 )
                                                          )
12                                                        )
                           Defendants.                    )
13  _____ )

14          In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the

15  United States District Court for the District of Arizona, this case was referred to the

16  Magistrate Judge for all pretrial proceedings and report and recommendation.   Pending

17  before the Court is a Motion to Dismiss First Amended Complaint for Failure to Exhaust

18  Administrative Remedies [Docket No. 25] filed by Defendant Victor Ruboyianes.   For the

19  reasons explained below, the Magistrate Judge recommends that the District Court, after

20  independent review of the record, grant the pending motion.

21  **A.    Background**

22          Plaintiff, an Arizona prisoner who, at the time of the events giving rise to his claims,

23  was incarcerated at the Arizona State Prison Complex in Florence, Arizona, filed the above-

24  titled civil rights action pursuant to 42 U.S.C. § 1983 on April 12, 2004.   By order dated

25  August 11, 2004, Plaintiff's complaint was dismissed with leave to amend [Docket No. 12].

26  Plaintiff filed his amended complaint on September 15, 2004, alleging five claimed violations

27  of his constitutional rights [Docket No. 16].   By order dated January 11, 2005, the court

28  dismissed four of the counts, allowing Plaintiff to proceed on his access to courts claim

alleged against defendants Ruboyianes and Ullibarri.  Defendant Ruboyianes has filed a motion to dismiss the amended complaint for failure to exhaust administrative remedies. Plaintiff has responded and Ruboyianes has filed a reply.

In the remaining claim, Plaintiff alleges that in February 2004, he was denied access to courts when Ruboyianes "only permitted him two (2) sources of legal books, or policy, for a twenty four (24) hour period;" when Ruboyianes and Ullibarri denied his requests for copies of Department of Corrections policies; and when Ullibarri denied his requests for assistance.  All of these alleged actions took place at ASPC - Florence.

**B.   Discussion**

Exhaustion is an affirmative defense as to which defendants have the burden of proof, and is properly raised in an "unenumerated" Rule 12(b) motion to dismiss rather than in a motion for summary judgment.  *See Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  *See id.* at 1119-20.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  *See* 42 U.S.C. § 1997e(a).  This exhaustion requirement is mandatory and not merely directory. *See Porter v. Nussle,* 534 U.S. 516 (2002).  All available remedies must be exhausted and those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  *See id.*  Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages.  *See id.* at 988, 992; *Booth v. Churner,* 532 U.S. 731, 741 (2001).

The Arizona Department of Corrections, through its Inmate Grievance System, Departmental Order ("DO") 802, provides it inmates with "administrative remedies to complaints which might otherwise unnecessarily burden the courts." The procedures outlined in the Inmate Grievance System initially provide for informal resolution of complaints. DO 802.08-1.1. The process is commenced when an inmate submits an informal "inmate letter to his assigned CO III." *Id.* If the inmate is not satisfied with the response, he may submit a formal grievance to a designated grievance coordinator. DO 802.08-1.4. If unsatisfied with the response of the grievance coordinator, the inmate may file a grievance appeal with the Warden or Deputy Warden, DO 802.09-1.3.1, and then to the Director, DO 802.09.1.4.1. The Director's response is final and serves to exhaust the inmate's administrative remedies. DO 802.09.1.4.4.

In the instant matter, the Defendant asserts the remaining claim should be dismissed because it has not been grieved, much less exhausted. In support of his argument, the Defendant has submitted the declarations of CO III Emilio Sauceda and Hearing Officer Cheryl Dossett. Sauceda attests that he is the CO III/Grievance Coordinator for the Plaintiff's unit. *Motion to Dismiss*, Exhibit 1, ¶ 1. In this capacity, it is his duty to review, investigate, respond to, and track inmate grievances filed pursuant to DO 802. *Id.* at ¶ 2. He also maintains a log of all process grievances. *Id.* at ¶ 4. He conducted a review of the log for grievances filed by Plaintiff during the pertinent period, and he could not locate a grievance related to denial of access to courts. *Id.* at ¶¶ 5-6. Hearing Officer Dossett similarly reports that her log contains no grievance appeal from Plaintiff related to the allegations in his amended complaint. *Id.*, Exhibit 2, ¶¶ 5-6.

Insofar as it is pertinent to this issue, Plaintiff's opposition to the motion indicates that his attempts to grieve this issue were "blocked" or "denied." Plaintiff specifically asserts that he submitted informal complaints to the CO III, and the responses stated, "Not a grievable issue, and therefor is denied." Additionally, he claims he was informed that his grievances "would be denied and considered an abuse of the grievance system." However, he does not

offer copies of the referred to denials or identify when and to whom the grievances were submitted.  Simply put, there is no evidence of any sort that even suggests that he complied with the grievance requirements.  Moreover, he has not offered facts sufficiently specific to allow prison officials to further research his assertions and either confirm or deny them.

As there is no indication that Plaintiff satisfied any level of review of his claim, the Court finds that Defendant has satisfied his burden to establish that Plaintiff has failed to exhaust his administrative remedies in relation to his claim of denial of access to the courts.  Plaintiff's failure to pursue his claim at any level identified in the Inmate Grievance System demonstrates that he did not exhaust all of his "available administrative remedies" as required by the PLRA.  42 U.S.C. § 1997(e)(a).

**C.    Recommendation**

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, issue an Order **granting** the Motion to Dismiss First Amended Complaint for Failure to Exhaust Administrative Remedies [Docket No. 25] filed by Defendant Victor Ruboyianes, and **dismissing** this matter without prejudice.  The Magistrate Judge **FURTHER RECOMMENDS** that all motions pending in this action be **dismissed as moot**.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court.  *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  If any objections are filed, this action should be designated case number: **CV 04-724-PHX-PGR**.  Failure to timely file objections to any factual or legal determination of the Magistrate

Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.

*See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 27th day of September, 2005.

Jacqueline Marshall
United States Magistrate Judge